**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------x        **Docket #:**
**YESSENIA ORTEGA,**

                            **COMPLAINT**

               **Plaintiff,**        **(JURY TRIAL REQUESTED)**

     **-against-**

**COUNTY OF NASSAU and P. O.**
**NIKKI K. PANAGIOTIDIS,**

               **Defendants.**
--------------------------------------------------------------------------x

Plaintiff, YESSENIA ORTEGA ("Plaintiff") complaining of the defendants COUNTY

OF NASSAU ("NASSAU") and POLICE OFFICER NIKKI K. PANAGIOTIDIS

("PANAGIOTIDIS") (collectively "DEFENDANTS") herein, by and through her attorneys,

SIEGLE & SIMS L.L.P., alleges the following upon information and belief:

**INTRODUCTION**

1. As of April 17, 2025, plaintiff YESSENIA ORTEGA possessed two orders of

protection against her estranged husband emanating from his arrests for stalking and other

domestic violence behavior.

2. As of April 17, 2025, plaintiff and her estranged husband shared a daughter, age 6,

who resided with plaintiff.

3. As of April 17, 2025 plaintiff's estranged husband was entitled to court-ordered

visitation privileges with their daughter.

4. On or about April 17, 2025, at approximately 10:00 p.m., plaintiff YESSENIA

ORTEGA took her daughter to the Third Police Precinct, County of Nassau, located at 214

Hillside Avenue, Williston Park, New York, to exchange her with her estranged husband

pursuant to their custody arrangement.

5. YESSENIA ORTEGA arranged for the exchange of her daughter at the Third Police Precinct for her own protection.

6. Police officers and detectives assigned to the Third Police Precinct were aware that plaintiff was the complainant victim in several criminal cases brought against her estranged husband as members of the Third Police Precinct had made those arrests.

7. On or about April 17, 2025, plaintiff's estranged husband complained to DEFENDANTS, their agents, servants, and/or employees that plaintiff had sent him text messages wherein she had cursed and belittled him.

8. Upon arrival at the precinct with her daughter, DEFENDANTS, their agents, servants and/or employees arrested plaintiff.

9. On April 18, 2025, a criminal court complaint was filed in the First District Court, County of Nassau, sworn to by defendant PANAGIOTIDIS, charging plaintiff with Aggravated Harassment in the Second Degree, in violation of New York State Penal Law § 240.30(2).

10. The criminal court complaint detailed text messages that plaintiff allegedly sent to her estranged husband wherein she belittled and cursed at him.

11. On or about April 18, 2025, plaintiff was transported by DEFENDANTS, their agents, servants and/or employees, to the First District Court, 99 Main Street, Hempstead, New York and placed in a holding cell awaiting arraignment.

12. On April 18, 2025, a member of the Nassau County District Attorney's Office reviewed the criminal court complaint against plaintiff and determined that the factual allegations therein did not make out the elements of any crime or offense.

13. On April 18, 2025, a member of the Nassau County District Attorney's Office informed a member of the Nassau County Police Department that the allegations in the

complaint against plaintiff did not make out the elements of any crime or offense, and instructed them to void the arrest, as no probable cause existed to arrest plaintiff.

14. On April 18, 2025, two members of the Nassau County Police Department arrived at First District Court, 99 Main Street, Hempstead, New York, and removed plaintiff YESSENIA ORTEGA from the holding cell thereat.

15. Despite being informed by a member of the Nassau County District Attorney's Office that YESSENIA ORTEGA had committed no crime or offense and should not have been arrested, members of the Nassau County Police Department again placed plaintiff in handcuffs, and transported her back to the Third Police Precinct, Nassau County.

16. Upon arrival at the Third Police Precinct, Nassau County, plaintiff was placed in a locked cell.

17. At that time, a member of the Nassau County Police Department requested that plaintiff sign a document reflecting that she had not been physically injured while in custody, and told plaintiff that if she refused to sign said document, her release from custody would be delayed.

18. Plaintiff refused to sign said document, and her unlawful detention continued thereafter for a period of time.

19. During various periods of time that plaintiff was handcuffed during her unlawful detention, she complained to DEFENDANTS, their agents, servants and/or employees that the handcuffs placed upon her were too tight causing her pain, swelling and numbness.

20. Despite her repeated complaints, DEFENDANTS, their agents, servants and/or employees refused to loosen the handcuffs.

21. As a result of the DEFENDANTS', their agents', servants', and/or employees'

refusal to adjust the handcuffs, plaintiff YESSENIA ORTEGA suffered serious physical injuries.

22.  On April 18, 2025, the case entitled *People of the State of New York v. Yessenia Ortega*, docket number CR-008164-25NA, was called into the record in First District Court, Nassau County, in plaintiff's absence.  A representative of the Nassau County District Attorney's Office stated, in sum and substance, that they had instructed members of the Nassau County District Attorneys to void the arrest, that the case was docketed despite an attempt to void same, and that the factual allegations in the complaint did not make out a crime or a offense.  Accordingly, a representative of the Nassau County District Attorney's Office joined in an application to dismiss and seal the criminal case filed against plaintiff pursuant to New York Criminal Procedure Law § 170.30(1)(f), and the criminal case against plaintiff was dismissed and sealed.

## JURISDICTION

23.  Jurisdiction is founded on the existence of a federal question, United States Code, Title 28, § 1331, as the action arises, in part, under the Fourth Amendment of the Constitution of the United States and United States Code, Title 42, § 1983, as hereinafter more fully appears.

## PARTIES

24.  Plaintiff is a natural person who resides in Nassau County, New York.

25.  NASSAU was and is a municipal entity, organized and existing under and by virtue of the laws of the State of New York.

26.  Upon information and belief, PANAGIOTIDIS is a natural person who resides in the State of New York.

27.  At all times mentioned herein, PANAGIOTIDIS was an employee of NASSAU and was working for, and acting within the scope of her employment and under color of state law for

NASSAU as a Nassau County police officer.

28.  On May 2, 2025, before the commencement of this action, a Notice of Claim on behalf of plaintiff was served in writing, sworn to by or on behalf of the claimant, by delivering same by personal service upon NASSAU, which Notice set forth the name and post office address of claimant and claimant's attorneys, the notice of claim, the time when, the place where, the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

29.  Said notice of claim was presented and delivered to NASSAU within ninety (90) days after the claims herein sued upon arose and before the commencement of this action.

30.  On July 2, 2025, NASSAU orally examined plaintiff and had an opportunity to physically examine her.

31.  This action was commenced within one year after such causes of action arose and more than ninety (90) days have elapsed since the service of this claim or such claim was presented, and NASSAU has failed and/or refused to make an adjustment or payment of said claim.

**CUSTOMS AND PRACTICES OF DEFENDANT COUNTY OF NASSAU WHICH LED TO THE FALSE ARREST, MALICIOUS PROSECUTION, AND ASSAULT AND BATTERY AGAINST PLAINTIFF**

32.  Defendant NASSAU has a number of customs, practices, and policies which caused and/or contributed to YESSENIA ORTEGA's false arrest and imprisonment, malicious prosecution, and assault and battery.

33. Upon information and belief, where individuals are declined to be prosecuted by the Nassau County District Attorney's Office after arrest, it is the policy, custom and practice of defendant NASSAU, its agents, servants, and/or employees to continue the confinement and

custody of said individuals and transport them to the precinct of arrest.

34. It is the custom and/or practice of defendant NASSAU, its agents, servants and/or employees, including employees of the Nassau County Police Department, to seize and continue to hold individuals in custody, without sufficient and legal probable cause and/or commence prosecutions absent same.

35. Defendant NASSAU, its agents, servants, and/or employees, including employees of the Nassau County Police Department, due to a lack of training and supervision, fail to train and/or improperly train their employees in recognizing probable cause sufficient to seize and subsequently charge an individual suspected of a crime.

36. Defendant NASSAU, its agents, servants, and/or employees, including the Nassau County Police Department, fail to train, or have improperly trained and/or failed to continue to educate members of law enforcement as to the legal requirements to charge individuals with Aggravated Harassment in the Second Degree under the New York State Penal Law.

37. Defendant NASSAU, its agents, servants, and/or employees, including employees of the Nassau County Police Department, due to a lack of proper training and supervision, routinely engage in a custom or practice of making arrests without sufficient and legal probable cause, thereby subjecting individuals to violations of their Constitutional rights, including wrongful arrest and imprisonment and malicious prosecution.

### AS AND FOR A FIRST CAUSE OF ACTION
### CIVIL RIGHTS PURSUANT TO FOURTH AMENDMENT
### (FALSE ARREST AND IMPRISONMENT)

38. Plaintiff YESSENIA ORTEGA repeats and reiterates the allegations contained in paragraphs 1 through 37.

39. DEFENDANTS', their agents', servants', and/or employees' conduct in arresting

YESSENIA ORTEGA without probable cause was in violation of the rights guaranteed plaintiff pursuant to the Fourth Amendment of the United States Constitution.

40.  As set forth above, such conduct was performed under color of state law.

41.  As set forth above, such improper conduct was a result of custom(s) and practice(s) of defendant NASSAU.

42.  As a result of their conduct, DEFENDANTS, their agents, servants, and/or employees violated plaintiff's civil rights and are liable to plaintiff pursuant to 42 U.S.C. §1983.

43.  As a result, plaintiff suffered physical and mental injuries.

44.  As a result thereof, plaintiff  has been damaged in the sum of Two Million dollars ($2,000,000).

**AS AND FOR A SECOND CAUSE OF ACTION**
**CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT**
**(MALICIOUS PROSECUTION)**

45.  YESSENIA ORTEGA repeats and reiterates the allegations contained in paragraphs 1 through 44.

46.  As set forth above, DEFENDANTS, their agents, servants and/or employees, under color of state law, commenced a criminal prosecution against plaintiff YESSENIA ORTEGA.

47.  As set forth above, the prosecution terminated in plaintiff YESSENIA ORTEGA's favor.

48.  As set forth above, the prosecution of plaintiff YESSENIA ORTEGA was without probable cause.

49.  As set forth above, DEFENDANTS, their agents, servants, and employees prosecuted plaintiff YESSENIA ORTEGA knowing that she had not committed any crime or offense.

50. As set forth above, DEFENDANTS their agents, servants, and/or employees prosecuted plaintiff YESSENIA ORTEGA when they should have known she had not committed any crime or offense.

51. As set forth above, such conduct was a result of custom(s) and practice(s) of the defendant NASSAU.

52. As set forth above, as a result of the prosecution, plaintiff YESSENIA ORTEGA suffered a deprivation of liberty pursuant to the Fourth Amendment.

53. As a result of their conduct, DEFENDANTS, their agents, servants, and/or employees violated YESSENIA ORTEGA's civil rights and are liable to plaintiff pursuant to 42 U.S.C. §1983.

54. As a result, plaintiff suffered physical and mental injuries.

55. As a result thereof, plaintiff has been damaged in the sum of Two Million dollars ($2,000,000).

**AS AND FOR A THIRD CAUSE OF ACTION**
**CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT**
**(EXCESSIVE FORCE)**

56. YESSENIA ORTEGA repeats and reiterates the allegations contained in paragraphs 1 through 55.

57. DEFENDANTS', their agents', servants,' and/or employees' conduct and actions toward plaintiff YESSENIA ORTEGA detailed herein, including handcuffing plaintiff, handcuffing plaintiff too tightly, and failing to loosen the handcuffs after plaintiff complained that she was in pain, were in violation of the rights guaranteed plaintiff pursuant to the Fourth Amendment of the United States Constitution.

58. The conduct and acts of DEFENDANTS, their agents, servants and/or employees

were performed under the color of the state law.

59. As a result of their conduct and acts, DEFENDANTS violated plaintiff YESSENIA ORTEGA's civil rights and are liable to plaintiff pursuant to 42 U.S.C. §1983.

60. As a result, plaintiff suffered physical and mental injuries.

61. As a result thereof, plaintiff has been damaged in the sum of Two Million dollars ($2,000,000).

## PENDENT STATE CLAIMS

## AS AND FOR A FOURTH CAUSE OF ACTION
### (FALSE ARREST AND IMPRISONMENT)

62. Plaintiff YESSENIA ORTEGA repeats and reiterates the allegations contained in paragraphs 1 through 61.

63. DEFENDANTS, their agents, servants and/or employees, arrested plaintiff YESSENIA ORTEGA, handcuffed her, took her into custody, and confined her.

64. Plaintiff YESSENIA ORTEGA was conscious of the arrest and confinement.

65. Plaintiff YESSENIA ORTEGA did not consent to the confinement.

66. The arrest and confinement of plaintiff YESSENIA ORTEGA was not otherwise privileged.

67. The arrest and confinement of plaintiff YESSENIA ORTEGA was without probable cause.

68. As a result, plaintiff YESSENIA ORTEGA suffered physical and mental injuries.

69. As a result thereof, plaintiff YESSENIA ORTEGA has been damaged in the sum of Two Million dollars ($2,000,000).

## AS AND FOR A FIFTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

70.  YESSENIA ORTEGA repeats and reiterates the allegations contained in paragraphs 1 through 69.

71.  DEFENDANTS, their agents, servants, and/or employees, commenced a prosecution against plaintiff YESSENIA ORTEGA while having no probable cause to believe that YESSENIA ORTEGA committed any crimes.

72.  DEFENDANTS, their agents, servants, and/or employees acted maliciously in commencing said prosecution against plaintiff YESSENIA ORTEGA.

73.  The prosecution of plaintiff terminated in her favor.

74.  As a result, YESSENIA ORTEGA suffered physical and mental injuries, including a deprivation of her liberty.

75.  As a result thereof, YESSENIA ORTEGA has been damaged in the sum of Two Million dollars ($2,000,000).

## AS AND FOR A SIXTH CAUSE OF ACTION
### (ASSAULT)

76.  Plaintiff YESSENIA ORTEGA repeats and reiterates the allegations contained in paragraphs 1 through 75.

77.  DEFENDANTS', their agents', servants' and/or employees' conduct detailed herein, including the arrest and handcuffing of YESSENIA ORTEGA, was done with the intent of placing plaintiff YESSENIA ORTEGA in fear of imminent harmful and offensive contact and did in fact place YESSENIA ORTEGA in fear of imminent harmful and offensive conduct.

78.  As a result, plaintiff YESSENIA ORTEGA suffered physical and mental injuries.

79.  As a result thereof, plaintiff YESSENIA ORTEGA has been damaged in the sum of Two Million dollars ($2,000,000).

## AS AND FOR A SEVENTH CAUSE OF ACTION

**(BATTERY)**

80.  Plaintiff YESSENIA ORTEGA repeats and reiterates the allegations contained in paragraphs 1 through 79.

81.  DEFENDANTS', their agents', servants', and/or employees' conduct in arresting, handcuffing and searching plaintiff YESSENIA ORTEGA was intentional.

82.  Plaintiff YESSENIA ORTEGA did not consent to the intentional touching of her body.

83.  Such conduct by the DEFENDANTS, their agents, servants, and/or employees towards plaintiff YESSENIA ORTEGA constituted offensive bodily contact.

84.  As a result, plaintiff YESSENIA ORTEGA suffered physical and mental injuries.

85.  As a result thereof, plaintiff YESSENIA ORTEGA has been damaged in the sum of Two Million dollars ($2,000,000).

<u>**AS AND FOR A EIGHTH CAUSE OF ACTION**</u>
<u>**OUTRAGEOUS CONDUCT CAUSING EMOTIONAL DISTRESS**</u>

86.  Plaintiff YESSENIA ORTEGA repeats and reiterates the allegations contained in paragraphs 1 through 85.

87.  DEFENDANTS', their agents', servants', and/or employees' conduct in placing plaintiff YESSENIA ORTEGA into custody after being informed by the Nassau County District Attorney's Office that plaintiff had not committed a crime or offense and that no prosecution would be pursued, was extreme and outrageous.

88.  DEFENDANTS', their agents', servants', and/or employees conduct in placing plaintiff YESSENIA ORTEGA into custody after they were informed by the Nassau County District Attorney's Office that plaintiff had not committed a crime or offense and that no prosecution would be pursued was done with the intent to cause, or in disregard of a substantial

probability of causing severe emotional distress to plaintiff YESSENIA ORTEGA.

89.  As a result of DEFENDANTS, their agents', servants', and/or employees' conduct in placing plaintiff YESSENIA ORTEGA in custody after they were informed by a member of the Nassau County District Attorney's Office that plaintiff had not committed a crime or offense and that no prosecution would be pursued, plaintiff YESSENIA ORTEGA suffered severe emotional distress.

90.  As a result, plaintiff suffered physical and mental injuries.

91.  As a result thereof, plaintiff has been damaged in the sum of Two Million dollars ($2,000,000).

**CONCLUSION**

**WHEREFORE**, plaintiff YESSENIA ORTEGA demands judgment against defendants COUNTY OF NASSAU and POLICE OFFICER NIKKI K. PANAGIOTIDIS in the sum of Two

Million dollars ($2,000,000) for each cause of action alleged herein, together with the costs and

disbursements of this action, including punitive damages and attorneys fees.

Dated: New York, New York
November 25, 2025

Yours, etc.

**SIEGLE & SIMS L.L.P.**

By:

Jonathan D. Sims (JS8472)
Attorneys for Plaintiff
YESSENIA ORTEGA
217 Broadway - Suite 611
New York, NY 10007
(212) 406-0110
j.sims@siegleandsims.com